UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>PATRICK K. SHANAHAN<br><br>Debtor<br><br>MAUREEN MCNIFF<br>JOHN P. SHANAHAN<br><br>Plaintiffs<br>v.<br><br>PATRICK K. SHANAHAN and<br>JOHN A. BURDICK, Chapter 7 Trustee<br><br>Defendants | Chapter 7<br>Case No. 11-42388-MSH<br><br><br><br><br><br>Adversary Proceeding<br>No. 12-04016 |

**MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The plaintiffs, John P. Shanahan, Sr. ("John") and Maureen McNiff ("Maureen"), seek summary judgment in this adversary proceeding including a declaration that a certain trust terminated by its terms on November 6, 2010, and an order directing defendant, Patrick K. Shanahan ("Patrick"), as trustee of the trust, to convey to them as trust beneficiaries the trust corpus. Defendant John Burdick, the chapter 7 trustee of Patrick's bankruptcy estate,[1] opposes summary judgment asserting that the trust never terminated and that the bankruptcy estate retains

---

[1] Mr. Burdick is referred to in this opinion as the "chapter 7 trustee." Patrick, acting in his capacity as the trustee of the trust, is sometimes referred to as the "trustee."

1

a valuable interest therein. Patrick has neither answered the complaint nor filed an opposition to the plaintiffs' motion for summary judgment.

**Facts**

The defendants do not contest the material allegations of the amended complaint nor do they dispute the validity of the trust documents attached to the amended complaint, with the exception of the October 28, 2010 amendment referred to below.[2]

John, Maureen and Patrick are siblings. On May 21, 1984, using money donated by his mother Catherine and his uncle Thomas, Patrick purchased property located at 7 Lori Lane in Pelham, New Hampshire on behalf of his brother John. By Declaration of Trust dated November 6, 1990, and recorded on November 19, 1990, in the Registry of Deeds for Hillsborough County, New Hampshire, Patrick established the Lori Lane Trust. Also on November 6, 1990, Patrick conveyed the Lori Lane property to himself as trustee of the trust. The Lori Lane property is the trust's sole asset. Patrick is the trust's sole trustee.

Article X of the trust provides that the trust continue for twenty years from the date of its execution, that is, until November 6, 2010, unless terminated prior to that time. Upon its termination the trustee shall convey the trust's corpus to its beneficiaries.[3] Article VIII of the trust permits the trustee to "alter, amend or revoke this Declaration at any time by written

---

[2] Following the hearing on the motion for summary judgment, I ordered plaintiffs and the chapter 7 trustee defendant to file statements regarding the trust documents attached as exhibits to the amended complaint. In their joint statement (docket # 27) the parties acknowledge that the trust documents are valid and effective (except as to the effect of the late-recorded extension) and that there are no additional trust documents.

[3] Article X, Section B of the trust states: "Unless the Trust under this agreement shall be sooner terminated as hereinbefore provided, it shall continue for twenty (20) years from the date of its execution. … On termination of the Trust, the Trustee shall convey the Trust property to the Beneficiaries."

2

instrument recorded in the respective Town or County Recording Offices in which the trust property is located, effective only when duly signed, acknowledged and so recorded." Thus, the trustee had the ability to extend the trust's existence if done in compliance with the trust's requirements for altering or amending the trust.

Article IX of the trust reserves for the trustee "the right to remove or add Beneficiaries of this Trust at any time by unanimous vote of the Trustee…." By an amendment dated March 3, 2010, and recorded in the registry of deeds on March 23, 2010, John and Maureen were declared beneficiaries of the trust jointly with rights of survivorship.[4] This same amendment to the trust also eliminated the trustee's power to change beneficiaries. The amendment revises the provision as follows:

> Article IX of The Lori Land Trust is also hereby amended pursuant to Article VIII that henceforth the Beneficiaries, not the Trustee, shall have the power to remove, add or replace Beneficiaries of this Trust by a unanimous vote of the Beneficiaries or by the sole vote of the surviving beneficiary, but such will not be effective until a duly signed and acknowledged instrument signed by the Beneficiaries is recorded in the Hillsborough County Registry of Deeds.

On October 28, 2010, nine days before the end of the trust's twenty year term, Patrick executed an amendment to extend the trust for another twenty years to November 6, 2030. The amendment was not notarized, however, until November 12, 2010 and not recorded until November 22, 2010. The dispute here centers on the October 28, 2010 amendment. The plaintiffs say it was ineffective to extend the trust term because it was not acknowledged or recorded until after the trust expired. The chapter 7 trustee argues that as long as it was executed by the trustee

---

[4] Thomas was the original beneficiary of the trust; Catherine was substituted as beneficiary in 1997 by an amendment made by Patrick. The March 3, 2010 amendment recites that Patrick named John and Maureen as beneficiaries of the trust on May 10, 2009 when Catherine died. The March 3, 2010 amendment appears to be the only recorded amendment naming John and Maureen as beneficiaries.

3

prior to November 6, 2010, it served to keep the trust alive. The trust continues to hold record title to the Lori Lane property.

On June 11, 2011, Patrick filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*).

## Jurisdiction

Before continuing any further, I am compelled to consider whether this court has jurisdiction to hear and determine this dispute. *Feliciano v. DuBois*, 846 F. Supp. 1033, 1041 (D. Mass. 1994) ("[A] court always has an obligation to consider, even on its own initiative as well as on motion of an opposing party, whether it has subject matter jurisdiction.").

The plaintiffs allege in their amended complaint that the court has jurisdiction under 28 U.S.C § 1334(a) and that this is a core proceeding under 28 U.S.C § 157(b)(2)(I) and (J). The chapter 7 trustee agrees. Both parties are incorrect. First, this adversary proceeding involves neither an objection to Patrick's discharge nor to the dischargeability of any debt and thus does not fall within the scope of core proceedings set forth in 28 U.S.C. § 157(b)(2)(I) or (J). The plaintiffs do not even allege that Patrick owes them any money. Second, 28 U.S.C. § 1334(a) invests in the district court original and exclusive jurisdiction over cases filed under title 11. The district court in turn may refer all cases under title 11 to the bankruptcy court. Section 1334(a) applies to the bankruptcy case itself. *In re Middlesex Power Equipment & Marine, Inc.*, 292 F.3d 61, 66 (1st Cir. 2002). An adversary proceeding is not the same as the main bankruptcy case for purposes of § 1334(a) jurisdiction. *Id.*

It is under 28 U.S.C. § 1334(b) (not cited by the plaintiffs) that the district court, and by reference the bankruptcy court, has jurisdiction that is original but not exclusive in "all civil proceedings arising under title 11, arising in or related to" the bankruptcy case. An adversary

4

proceeding, which is a civil proceeding, "arises under" the Bankruptcy Code, if it involves a cause of action created by title 11. *Wood v. Wood (In re Wood),* 825 F.2d 90, 96 (5th Cir.1987). An adversary proceeding "arises in" a bankruptcy case if the claims "are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* at 97. Proceedings that "arise in" and "arise under" title 11, constitute the bankruptcy court's "core" jurisdiction. *See* 28 U.S.C. § 157(b); *Wood*, 825 F.2d. at 96–97.[5]

A bankruptcy court has jurisdiction over a non-core proceeding provided the proceeding is "related to" a bankruptcy case. "The breadth of the bankruptcy court's related to jurisdiction is great but not unlimited." *In re Vienneau*, 410 B.R. 329, 333 (Bankr. D. Mass. 2009). "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re G.S.F. Corp.,* 938 F.2d 1467, 1475 (1st Cir.1991) (quoting *Pacor v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)).

When questioned at oral argument as to his interest in this adversary proceeding, the chapter 7 trustee indicated that the debtor, as trustee of the trust, had the sole and exclusive power to change the trust's beneficiaries. Thus if the 2010 amendment extending the term of the trust was valid, the chapter 7 trustee could exercise the debtor's power as trustee of the trust to make himself the sole beneficiary thereby conferring a valuable benefit upon the bankruptcy estate. The augmentation of the bankruptcy estate in the manner suggested by the chapter 7 trustee presumably is the hook upon which any conceivable jurisdiction of this court would hang. But the chapter 7 trustee ignores the March 2010 amendment to the trust whose execution and

---

[5] The bankruptcy court's authority to exercise its core jurisdiction is, of course, subject to the limits imposed by Article III of the U.S. Constitution. *Stern v. Marshall*, -U.S.-, 131S.Ct. 63 (2010).

5

recording he does not challenge. As a result of that amendment only the beneficiaries, not the trustee, may remove, add or replace the trust's beneficiaries. Thus, the debtor's bankruptcy estate can never have more than bare legal title to the trust property. Since that alone has no effect on the bankruptcy estate, it is an insufficient interest to invest this court with jurisdiction over this proceeding.[6]

## Conclusion

Since this court lacks jurisdiction, an order dismissing this adversary proceeding must enter.

Dated: March 12, 2013                                By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

cc:    Dennis E. McHugh, Esq.
       Chelmsford, MA
       Counsel for John P. Shanahan Sr., and
       Maureen McNiff

       John A. Burdick, Jr., Esq.
       Paxton, MA
       Trustee for the Estate of Patrick K. Shanahan

       Patrick K. Shanahan
       Dunstable, MA
       Debtor; Defendant, Pro se

---

[6] At oral argument the chapter 7 trustee suggested that there might be something improper about Patrick's having held title to the Lori Lane property for six years before conveying it to the trust in 1990. This has not been raised in any of the pleadings and cannot serve as a sufficient reason to allow this adversary proceeding to continue.

6